The next case, CX Reinsurance v. Johnson, and Mr. Cowan, we'll hear from you. Thank you, Your Honor. Good morning, and may it please the Court, Sam Cowan on behalf of Appellant Devon Johnson. The sole issue in this case is whether Mr. Johnson's fee petition filed in connection with CX Re's bad faith in filing an action, new or should have known as time barred, timely filed. Relying on Local Rule 109.2.A, the District Court here held that Mr. Johnson's fee petition was untimely filed because it was filed more than 14 days after the June 15th order, granting dismissal under Federal Rule 41.A.2. The deadlines for filing fee petitions under the Local Rule and Federal Rule 54 are substantively the same, and the trigger event for those deadlines identifies the entry of judgment. Local Rule requires that fee petitions be filed, quote, within 14 days of the entry of judgment, and the Federal Rule requires that fee petitions be filed, quote, no later than 14 days of the entry of judgment. Because under Rule … Well, let me ask you, sir, that's pretty clear. Both rules talk about the time period running from the entry of judgment, and the entry of judgment is specified in Rule 58, and you have briefed that. But your colleague argues that this is something you never saw, never raised, and suggests that you shouldn't be able to argue that now. That's right, Your Honor. They do argue that. They are correct that this particular issue, this argument, did not come up low. Parties didn't brief it. The District Court didn't flag it. That being said, at all times, Mr. Johnson has argued that a fee petition is timeless, and this is another … Well, I understand that, but if those reasons aren't sufficient, they may be. But if they aren't sufficient, my question is focused on the definition of entry of judgment, which is pretty clearly defined in Rule 58. It sort of surprised me that nobody addressed that. It's so commonplace to know that. But you didn't present that point. Now, the question is, should we address it or not, and on what basis? The Court should address it, and for that, I would direct the Court's attention to the U.S. Supreme Court's decision in Singleton, which is 428 U.S. 106. In that case, which this Court has cited approvingly several times, the Supreme Court stated the following. The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the Courts of Appeals to be exercised on the facts of individual cases. The Supreme Court went on. Certainly, there are circumstances in which a federal appellate court is justified in where the proper resolution is beyond any doubt or where injustice might otherwise result. Mr. Johnson, we would submit that that is the circumstance. Here, to the extent the Court applies the definition of entry of judgment in Rule 58, this is a circumstance in which the proper resolution is beyond any doubt. So certainly, it is left to this Court's discretion whether to decide the issue on that basis, but this case falls squarely within the circumstance that the Supreme Court had in mind in Singleton. Not only is it a case in which proper resolution is beyond any doubt, but there would be injustice resulting in this case to the extent that Mr. Johnson were unable to obtain the attorney's speech to which he otherwise would be entitled to, to the extent this Court did rely on the And as we explained in our briefs, that issue is pretty clear. The June 15, 2018 order satisfies the federal rule's broad definition of the term judgment. And to the extent it was a judgment, Rule 58 similarly makes clear that this is a case in which a separate document was required to be filed. And the record on that point reflects that no such separate document was ever entered in the document. So, under that circumstance, the Rule 58c dictates that the default rule that if there is no separate document entered, which is this case, then an entry of judgment does not occur until 150 days after the June 15, 2018 order. But here, that would be in November. Counsel, before you leave that point, let me ask you, because I presume opposing counsel will make this, raise this particular question. Since this was never addressed until it was raised by the Court, and we realize that the Court has a fair amount of discretion to consider in some circumstances an issue not, or an exception, why would we not consider the failure to raise the final judgment argument simply a waiver on your part? So, the, similar to the standard announced in Stingleton, other circuits, including the 10th Circuit and ExCLEAR, which is a case we rely on in our briefs, state that where the waiver rules, too, may be relaxed in a case in which the issue involves questions of law and the proper resolution is beyond any reasonable, beyond reasonable doubt. And again, to the extent that this argument falls within the ultimate issue in this case, which is timeliness, which has been raised below and before this Court, this seems to be an appropriate circumstance in which the Court would either relax the waiver rules or otherwise exercise discretion to take up this case that's being raised for the first time on appeal. So, under either, whether it's a waiver analysis or whether the Court relies on its inherent discretion, the Supreme Court has made clear it has, in either scenario, to the extent that Rule 58 clearly dictates the resolution of this case being that, if the fee petition was timely, the Court should either find that it wasn't waived or that it, or exercise inherent discretion. But to the extent that the Court does take up the Rule 58 issue, the 150-day default rule, so there would be no entry of judgment for purposes of the local rule or for purposes of Federal Rule 54 until November of 2018. Here, Mr. Johnson filed a fee petition in July of 2018, several months before the entry of judgment. And as we cited a few cases in our supplemental briefing, this Court has held in the context of... What if we find you did waive the Rule 58 issue? Are you just done? No. In that case, we believe that the Court should address the merits raised in the briefing before supplemental briefing. So, that the Court should take up the issue of whether or not the local rule should be ineffective and that to the extent that the fee petition was timely under Rule 54, that in that case, the Court should just defer to that analysis. Now, it would, we would acknowledge, require the Court to assume, as the parties did and as the District Court did below, that it would require that the Court assume that there was an entry of judgment on June 15th of 2018. But the Court, in that instance, to the extent it did find that we waived and to the extent it did not have the discretion to take up the Rule 58 issue, the Court could still and should still decide the case on the basis that the parties briefed. And to the extent the Court does rely on that analysis, for the reasons we explained, the implementation of its local rule, which itself is substantively identical as Federal Rule 54, is inconsistent with the Federal Rule and therefore violates Rule 83. Now, as we laid out in the briefs, the local rule reflects a series of amendments over the years to bring it in line with the Federal Rule. And so, currently, after a series of amendments after 1993, the rule reflects the identical text, substantively identical text, as Rule 54. Here, however, notwithstanding the unanimous holdings of every circuit, including this one, that a post-judgment motion stays the 14-day deadline because it destroys the finality of judgment, this Court held that, or rather, the District Court held that its local rule, when it uses the term entry of judgment, refers only to the original judgment, even in circumstances like this one. And don't we owe the District Court deference in interpreting its own local rules? We'll continue. The last question to you from Judge Thacker, basically, was the District Court has construed its local rule to mean the entry of judgment to be only the actual judgment and not the extension of a judgment by a post-judgment motion. And she asked, why shouldn't we give deference to the District Court for interpreting its local rule that way? Yes, Your Honor, thank you. The reason is that this case, in the District Court's interpretation, triggers the Rule 83 analysis. So, if this Court determines, in this analysis, the Court takes up de novo, if the Court determines that the District Court's interpretation of its own local rule is inconsistent with the meaning of Federal Rule 54, then it shouldn't defer to the District Court's interpretation and should... Yes, Your Honor. Counsel, in that regard, what's your analysis of Rule 54d-2, which provides that unless a statute or court order provides otherwise, the motion for attorney's fees shall be filed no later than 14 days, etc. So, wouldn't the local rule be a court order under that Rule 54d? It would not, Your Honor. The Rule 54d-2d and other rules, which we cite in the brief, Rule 6, Rule 26, Rule 77, distinguish between court order and a local rule. And where the Federal rules intend for the District Court to have discretion to displace, in its entirety, a Federal rule, they say so. And with respect to timing, the Federal Rule 54 refers only to a court order, not a local rule. And so, to the extent that here, the court could, certainly the District Court could, in individual cases, determine that a different time than 14 days is appropriate. And we cite in our briefing mores on Federal practice, which says just that. If the local rules are allowed to displace Rule 54's timing requirement, the purpose of the national rule would be defeated. And it goes on to say that the purpose, the drafter's purpose, including that language, was to give the District Court the discretion to extend that. But it certainly wasn't to displace Federal Rule 54's purpose, which is to ensure that, which is to affect the Federal Court's preference for deciding fee petitions after the final entry of judgment. So, interpreting the local rule to defeat that purpose in all cases would be inconsistent with Federal Rule, with the Federal Rule 54, and under the Rule 83 analysis, which, again, this court takes up de novo, would dictate that the rule should be struck on that basis. Separately, though, I would add that nothing in the history of the local rule indicates that that was, in fact, the District Court's intent. To the extent that, over the years, the District Court brought its local rule in line, word for word, with Federal Rule 54, if anything, reflects an intention that it be interpreted the same way. And to the extent that parties in the District Court are faced with that language, and faced with, you know, looking at Rule 54, looking at the local rule, and... At 20 seconds, we lost counsel. Can you hear me, Mr. Cowen? I can hear you much better, Your Honor. Ms. Jenkins, can you hear me? Very well, yes, Your Honor. All right, we've got you with about 20 seconds to finish up, if you want, Mr. Cowen. Thank you, Your Honor. I would just make one more point about the District Court's interpretation of the local rule, and why it's inconsistent with Rule 54. We note this example in the brief, but I think it's worth emphasizing. Under a circumstance in which a party lost on summary judgment, and then 28 days later, filed a Rule 59 motion, and then became a prevailing party, won, the court reversed its decision, and they then became a prevailing party, and became entitled to fees, under the District Court's interpretation of the local rule, that party could not obtain any attorney's fees, because it would be 14 days after the original judgment. But certainly under the federal rule, they would be entitled to fees. So, I would just reserve, Your Honor, the rest of my time for... All right, thank you. Ms. Jenkins? We'll hear from you. May it please the Court. I didn't hear much of Mr. Cowen's presentation, but I think I have the gist of it from his briefs, and feel free to frame the way you want me to address his points by questions. But I think I'll address the waiver argument first. We actually, you know, it's pretty apparent that none of the parties thought of Rule 58 before the District Court, and our position on waivers sort of got three layers. First, under the Hughes v. Halifax County School Board decision, that our opponents cite in their latest filing... All right, we have Mr. Cowen on, and Ms. Jenkins on, and Ms. Jenkins is making an argument. And I believe, as you garbled out, you were arguing about a waiver. Yes, sir. So, as I was saying, our argument on waivers has three layers. The first layer is that our opponent actually waived the right to rely on Rule 58 at all, because under the Hughes v. Halifax County School Board case mentioned in their most recent brief, the Court explains that, in some circumstances, the litigants can waive the separate document requirement set forth in Rule 58A, and there's three conditions to that. One is that the District Court intended its order to be a final judgment. I think that's pretty clear that that was the intention here. The second is that the order or judgment was entered on the docket, and that happened, in this case, on June 15th, the same day Judge Titus handed down his ruling. The third prong is that the parties exhibit that they viewed the order as a final judgment. And, in this case, that clearly happened, because neither party requested the Court to enter a separate document, which they had the right to do under Rule 58C. And, also, Mr. Johnson, he filed not one but two Rule 59E post-judgment motions within the 28-day period beginning on June 15th. So, I think it's clear that both sides considered that ruling a final judgment. So, I don't know that the Rule 58A requirement should be dispositive in this case. Let me ask you. It seems to me there is a little bit of a difficulty with that analysis inasmuch as a waiver would indicate that the party didn't intend to present to argue the issue by implication. And, in this case, it's pretty clear that they filed a post-trial motion under Rule 59, which extends the time under the rule, and then, within the time afforded by federal rule, they filed the motion for attorney's fees. Now, clearly, they didn't look at or make the argument under Rule 58, but the problem is when we decide whether a motion is timely, we have to decide whether it was filed within the requisite number of days of the entry of judgment. And, if we were to, we're of necessity have to decide, as a matter of statutory interpretation, what entry of judgment means. I hear what you're saying, that there's an implicit waiver, but the indicators don't suggest that they intended to waive or bypass it. In other words, they didn't want to just get at it. They seem to want to pursue the attorney's fees based on the language of the federal rule. Well, your point is well taken, Your Honor, because, as I understand, the generic concept of waiver is the voluntary relinquishment of a known right. And, I think what you're suggesting is that, here, Mr. Johnson apparently didn't appreciate that he had this right under Rule 58. So, how could he have waived it? No, that's not quite it. Because you can waive it. I mean, he's a lawyer. He's charged with knowledge of the rule. The issue is whether we can imply that he intended to forego the application of the rule. And, quite apart from Rule 58, that's a hard conclusion to reach. Well, my only reaction to that is I think a lot of times, lawyers, when the case gets on an appeal, they think of arguments that they wish they'd made in the district court, and they didn't intend to waive those arguments, but they did. And the argument I'm talking about here right now is specifically the 150-day rule that's embedded in Rule 58. So, that's the issue that the court raised. And, from our perspective, that can't be used to salvage Mr. Johnson's fee motion because either he waived the separate document requirement, or he waived the right to rely on Rule 58 by not raising it before the district court. Well, how do we, as a court, construe entry of judgment absent the rule? In other words, entry of judgment's a term of art, which the court has to construe. And, while he didn't make the argument or didn't see the argument, we still have to construe that term, don't we? I think you have to construe that term because the whole case rests on that, doesn't it? The local rule that the district court used to dispose of the fee petition triggers the time period based on the entry of judgment. You're exactly right. The judgment that we have here is Judge Titus's order that he issued on June 15, 2018. For all intents and purposes, it was the one and only judgment. It was an adjudication on the merits. It was a dismissal with prejudice. And the court ordered the clerk to close the case. He simply didn't issue a separate document memorializing the judgment. The question goes to the word entry. It doesn't go to the word judgment. Clearly, it was an order finaled by its nature. But entry of judgment's a term of art, isn't it? I think it is a term of art. It was either entered on the... Well, I guess it was never entered. It was never entered and the rule has a default position so that dockets don't hang forever. There's a presumption you have to close out these cases. They have to have some finality. You can create all kinds of hypotheticals where the court issues the dismissal order in court orally and doesn't say anything further. And nobody does anything and people send in letters. The idea is, at some point, we have to call an end to the business. And that's what the rule, I think, was designed to do. I think so, too. And it's very practical, actually. And I think we have to be candid to the court that if Rule 58 were not waived in this case, then I think that it would dispose of this timing issue. But our position is that it was waived for a variety of reasons. Let me make sure that I understand what you just said. If we determine that there was not a waiver here and that under Rule 58 there is the necessity of a separate document, then you're conceding that the June 15th order from the district court is not an entry of judgment for Rule 58 purposes? I think it was a judgment that if the rule applied, it would have been entered 150 days later. So, if that's the case, just to make sure I'm understanding as well, if that's the case, if we find that the Rule 58 argument was not waived, then we don't even need to reach whether the local rule is a problem here. I think that if you were to find that Mr. Johnson did not waive the Rule 58 issue, then I don't think that you need to get to the merits of the appeal as originally briefed. That's right. But again, we strongly feel that for multiple reasons, there is a waiver here. Can I ask you on the merits? Terms are being sort of cross-applied here. We have the notion of an order of court, we have the notion of a standing order of the court, and we have the notion of a local rule. It seems to me a local rule, regardless if there is any difference, but if a local rule is denominated a local rule, then it seems to me it has to be consistent with the federal rule, and doesn't fit in the exception to the federal rule, does it? Well, the district court held in this case that the local rules of the District of Maryland, anyway, are considered standing orders of the District of Maryland. And I went on the court's website yesterday, and I actually was able to find pretty easily the standing orders that adopted and implemented and effectuated the various iterations of the local rules over the years. The last one, Judge Bernard signed in November of 2018. So the District of Maryland considers its local rules orders, and Rule 54 allows for the modification of the 14-day deadline by provision of a court order, and that's part of the basis for the rulings, Judge Gallagher and Judge Grimm. But then any local court could bypass the requirements of the federal rules that there be some consistency throughout the country. And I must say, it goes back to my time when I was chairman of the Rules Committee. We had a project in place in trying to get the local rules throughout the various districts across the country in conformity with the federal rules. The idea is that people practicing throughout the country ought to practice under one set of rules, and if a district court could simply call its local rules standing orders in order to get around the uniformity requirement, then Rule 83 would be sort of useless. Well, I think that there are a number of circuit courts that have found that a local rule, especially, I guess in this case, one entered by virtue of a standing order, is considered a court order. So I understand what you're saying, but based on the precedence and the reasoning, and I also don't believe that there is an inconsistency between the local Rule 102, pardon me, 109-2A and Rule 54. Well, you would have to read the local rule to eliminate the extension of the entry of judgment by Rule 59 motion. In other words, the federal rules extend the entry of judgment to the disposition of the Rule 59 motion, whereas the local rule doesn't include that aspect. Right, I think that the Rule 54 itself doesn't allow for that tolling, but I believe that the cases construing it have held precisely what Your Honor just articulated. Well, it's explicitly in Rule 58. Okay, it's not in Rule 54, but there's no question that the filing of an intervening Rule 59 motion extends the 14-day deadline for purposes of Rule 54. I can't argue with that. I mean, none of this means, the whole dispute here doesn't mean that attorney's fees are going to be awarded or who's going to get them. It seems to me that's going to be a complex issue and you may very well succeed in this type of thing. But the real question I think it's presented to us is sort of a rules question that the worst thing we could do is to muck it up. As I said to my partner this morning, this is sort of like a civil procedure exam on the federal rules. It does present an interesting question and absolutely has nothing to do with the merits of the Petition. That issue was bifurcated off of this purely procedural question. I see you are going to divide your time with Mr. Rubery. Your Honor, this is Ed Rubery. In view of the Court's orders, good morning, Your Honor, Ms. Jenkins is going to handle the whole argument. Okay, that's fine. Good. Ms. Jenkins, you can continue with anything further. You have a full 10 minutes if you want. Another point I'd like to make, Your Honor, is that if Rule 109.2A was intended to be construed exactly as Rule 54, then I don't see why there would be a Rule 109.2A. There would be no need for it. It's pretty clear that the drafters of the Rule in the District Court intended there not to be tolling for purposes of a fee petition as contrasted with the explicit provision for tolling for a post-judgment bill for costs. All you have to do is compare 109.1 and the wording of 109.1 with the wording of 109.2 and you can see the difference. So when the Federal rules refer to local rules being in conformity, we would have to say this is not a local rule but a standing order? I think that I would articulate it that this is a local rule but it's considered and treated and is effective as an order of the District Court of Maryland. All right. Anything else? Nothing, Your Honor, except I would just add that the waiver cases addressing the waiver of an argument that wasn't presented in the District Court and this notion that the appellate court really shouldn't frame the issues for the parties, those principles apply. There have to be exceptional circumstances for courts to entertain arguments that weren't advanced earlier in the case. I don't think that this is a case that's presenting exceptional circumstances. This doesn't involve some constitutional rights. In one of the decisions, I think the Hicks case, the issue was whether the plaintiff even had a cause of action. Can I ask you this question? If we were to conclude that local rules should be read consistently with the Federal rule, then the motion for attorney's fees in this case would have been timely, right? If there were tolling for purposes of the local rule, then the filing would have been timely based on the deed. All right. One other point I would make, Your Honors, is to note that this is a motion for attorney's fees brought for violations of the Federal rules and under Section 1927. Rule 54, at the very end, Rule 54E, states that its provisions don't apply to sanctions motions like the ones that we're confronting in the district court. I think that perhaps the reliance on Rule 54 is sort of a red herring here. Well, what's the rule for motions for sanctions? I'm sorry? Could you rephrase your question? Yes. What's the timing rule for motions for sanctions? I think it would be the local rule. You default back to the local rule because the Federal rule doesn't address it. Except the local rule doesn't address motions for sanctions. It addresses motions for attorney's fees. Right, and this is that. This is a motion for attorney's fees brought under Rule 11 and Rule 37, I believe. But neither the local rule nor the Federal rule address that distinction. I think that the local rule has been interpreted as applying to all sanctions petitions. All right, anything further? Does that cover it? Yes. All right, Mr. Cohen, you have a little bit of rebuttal. Thank you, Your Honor. If I may, I would actually just want to start with the last point that opposing counsel made. She focused on Rule 54E, which reads that the timing requirement does not apply to claims for fees and expenses as sanctions for violating these rules or as sanctions under 28 U.S.C. 1927. Here, the basis for fees were the district court's inherent authority to grant fees for alleged bad faith and for sanctions based on Rule 11 and sanctions based on Rule 37, but not for violations of the Federal rule. Why is it that as sanctions? That sounds to me like a straight-on sanctions motion. Well, it is a motion for sanctions. It certainly is. Why wouldn't that fit into Rule 54E? Because it wasn't a motion for sanctions for a violation of the Federal rule. And that's what the rule is referring to. So while we certainly thought it certainly was a motion for sanctions, the basis for sanctions was not a violation of the Federal rules. It was otherwise. On that basis, Rule 54E has no application here, and the timing requirement of Rule 54 would apply. But I would also just get back to the issue of waiver. As the court discussed and as opposing counsel acknowledged, the entire case, to the extent the issue is the application of Rule 54 and the local rule, the entire case rests on the definition of the entry of judgment. And at all times, the issue of timeliness, which implicates the issue of what the term entry of judgment means, was raised. And so this is a case where the court has to decide that issue in order to resolve the ultimate issue of timeliness. And again, whether it's a waiver issue or whether the court's relying on its inherent discretion, the opposing counsel acknowledged that the proper resolution is beyond any doubt if the court applies Rule 58. She acknowledged that if Rule 58 analysis applies, then it's timeliness. And so this is that case that Singleton was referring to, where it's beyond any doubt that the issue being raised for the first time on appeal resolves the case. I would just make two other points. The first relating to earlier the court asked about deferring the district court's interpretation of Rule 109 as the term entry of judgment referring to the original judgment in cases where a Rule 59 motion is filed. It bears mentioning that the district court's analysis of that issue in all cases that we've been able to find, and there aren't many, rely on this court's decision in Jackson interpreting the local rule. And Jackson was decided 10 years before Federal Rule 54. So there's no discussion in the district court's interpretation of its own rule as to the interplay between Rule 54 and the local rule. And in fact, in cross, this court said, I'm quoting, that we must assume that Local Rule 109.2a is predicated on the same basis as Rule 54d. Now that's the case and Rule 54d provides that the timely filing of a post-judgment motion stays the 14-day deadline, then it necessarily is the case that the local rule does as well. And the last point I would make, Your Honors, is that opposing counsel mentioned during argument and in its brief, other district courts that have altered the timing requirement under Rule 54 by local rule. And there certainly are cases in which those rules have been upheld as being consistent with Rule 54. But a key distinction between this case and those cases is that none of those cases found that the timely filing of a Rule 59e motion did not stay the district court's local rule. So for instance, where the district court altered its local rule to 30 days, for example, or 90 days, there are cases that uphold those as consistent with Rule 54, but none of those cases find that if a party had filed a timely Rule 59 motion, that the 30-day deadline or the 90-day deadline would not be extended. And so those cases have no application here because the district court's analysis squarely says that if a party, as here, files a Rule 59 motion, it has no effect on the 14-day deadline. All right. Thank you. Thank you, Your Honor. Thank you, Mr. Cowan, and thank you, Ms. Jenkins. It was good to have you for the short time, visually. And we were able to complete this by telephone, which is not as dramatic, but I think is effective. At this point, we normally come down from the bench and greet counsel, and we would like to presume that's what we're doing and greeting you at this point after the argument. That's a tradition of the Fourth Circuit, and obviously can't be carried out at this point in time. But it's good to have you, and we'll take a short recess. Thank you, Your Honor. Thank you.
judges: Paul V. Niemeyer, G. Steven Agee, Stephanie D. Thacker